[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION FOR DISQUALIFICATION
CT Page 4544
Motion for Disqualification filed by the defendant dated April 8, 2002 shows a basic lack of understanding of an effective pretrial.
It is the role of the judge to assist the parties in resolving their dispute. Most often, that is talking to the attorneys outside of the presence of each other (with their permission) in order to candidly evaluate the cases, and to advocate or assist in causing the attorney to understand the other side's position. This court, in an attempt to get the parties together, strongly advocated the position of the other side with the attorney. In this case, where the defendants were taking the position that there was no responsibility, it was clearly necessary to point out to them theories on which a jury could find responsibility. This court reached into its experience as a lawyer of 26 years and a judge of 12, to assist the defense counsel in understanding that this was not a slam dunk for the defense. That there were emotional issues in the case as well as legal issues. This plaintiff, when she fell, was carrying a small child. Fortunately, the child was not injured, but it certainly made the fall appear more serious than it might have been otherwise. Also, the question of how the door could propel someone forward seemed to be not understood by the defense attorney, so the court tried to exhibit how a closing door could propel someone forward to the right front.
To raise ethical considerations in a motion to disqualify where the court will not be the trier of fact, this court finds to be inappropriate.
Judges are trained to put aside evidence outside of the record in rendering their decisions. Judges all the time rule on evidence outside the presence of the jury, and then address the issues thereafter, as though it had not been part of the case. We are trained to do that. My role, in advocating the weaknesses of the case or the strengths, is used as a tool for dispute resolution. Just as the defendant saw the judge express why there was a theory of responsibility, it is clear also that the plaintiff saw a judge express problems with the responsibility, in an effort to get the plaintiff to resolve the case, somewhere between the respective positions of the parties.
Judges are trained to put aside issues outside the record and deal solely on the record. A motion for a directed verdict at the conclusion of the plaintiff's case would have been fairly handled by an experienced judge, dealing only with the facts and evidence as presented on the record. For all of the foregoing reasons, the court denies the request to disqualify. CT Page 4545
So Ordered. ____________________ KARAZIN, J.